Filed 10/8/24  P. v. Phillips CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NICHOLAS EUGENE PHILLIPS,<br><br>    Defendant and Appellant. | F086006<br><br>(Super. Ct. No. SC074125A)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and Smith, J.

# INTRODUCTION

In 2023, appellant's 1998 sentence was recalled pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) because the sentence included a now invalid prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).[1]  During the resentencing hearing, the trial court stated it had "not received any information that would warrant imposing the upper term."  However, on each of appellant's domestic violence great bodily injury enhancements (§ 12022.7, former subd. (d)), the court imposed an additional term of five years, which is the upper term for that enhancement.

On appeal from resentencing, the parties agree, as do we, that the record indicates the trial court was unaware that it was imposing the upper term, and therefore was unable to exercise " 'informed discretion' " at sentencing.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  We vacate appellant's sentence and remand the matter for resentencing.

# BACKGROUND

## I.      Initial Conviction and Sentence.

In 1998, a jury convicted appellant of willful, deliberate, and premeditated attempted murder (§§ 664, subd. (a), 187, subd. (a); count 1), aggravated mayhem (§ 205; count 2), and assault with a deadly weapon (§ 245, subd. (a)(1); count 3).  As to counts 1 and 3, the jury found true the enhancement allegation for personal infliction of great bodily injury under circumstances involving domestic violence (§ 12022.7, former subd. (d)).  As to counts 1 and 2, the jury found true the enhancement allegation for personal use of a deadly or dangerous weapon (§ 12022, former subd. (b)).  In a bifurcated proceeding, the trial court found true allegations appellant had two prior strike convictions (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)) and served a prior prison term (§ 667.5, subd. (b)).

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

On count 1, the trial court sentenced appellant to 25 years to life, plus the upper term of five years for the domestic violence great bodily injury enhancement, one year for the use of a deadly weapon enhancement, and one year for the prior prison term enhancement. On count 2, the court sentenced appellant to 25 years to life plus one year for the use of a deadly weapon enhancement. On count 3, the court sentenced appellant to 25 years to life plus the upper term of five years for the domestic violence great bodily injury enhancement. The court stayed the sentences on counts 2 and 3 and the associated enhancements pursuant to former section 654.

## II.    Resentencing Proceedings.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as a person in their custody serving a prison term for a judgment that included a now invalid prior prison term enhancement. (§ 1172.75, subd. (b).)

At the 2023 resentencing hearing, the trial court struck the prior prison term enhancement. Before pronouncing judgment, the court noted it had reviewed the sentencing memorandum filed by appellant, and that it had not received anything from the People. The court then stated: "And the Court has not received any information that would warrant imposing the upper term; although, this is not a situation where it's a triad."

The trial court resentenced appellant to the same sentence previously imposed at the initial sentencing, less the one-year prior prison term enhancement. Notably, the sentence included, as to counts 1 and 3, the upper term of five years for the domestic violence great bodily injury enhancements pursuant to section 12022.7, former subdivision (d).

## DISCUSSION

**I.    Legal Background – Senate Bill No. 483.**

Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, later renumbered section 1172.75, to the Penal Code.  Subdivision (a) of that section provides that effectively any prior prison term enhancement "imposed prior to January 1, 2020 … is legally invalid."[2]

Section 1172.75 also sets forth a procedure for defendants serving a sentence with a prior prison term enhancement to obtain relief.  First, the CDCR must identify such defendants and notify the court that sentenced them.  (§ 1172.75, subd. (b).)  Next, the sentencing court must review the judgment of each identified defendant and determine whether it includes a qualifying prior prison term enhancement.  (§ 1172.75, subd. (c).)  If so, the sentencing court must recall the sentence and resentence the defendant.  (*Ibid.*)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)  Thus, section 1172.75 authorizes the resentencing court to "revisit all prior sentencing decisions."  (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.)  At resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

---

[2]    The only exception to this provision is for prior prison term enhancements "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (§ 1172.75, subd. (a).)

**II.** **The Matter Must be Remanded for Resentencing Because the Record Indicates the Trial Court was Unaware That it Was Imposing the Upper Term.**

Appellant contends the trial court erred in imposing the upper term on the domestic violence great bodily injury enhancement (§ 12022.7, former subd. (d)). Respondent concedes that the court may have been unaware that five years is the upper term for the enhancement. We accept respondent's concession and remand the matter for resentencing.

Section 12022.7, former subdivision (d) provided in pertinent part that "[a]ny person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission or attempted commission of a felony shall … be punished by an additional term of three, four, or five years." Effective January 1, 2001, the Legislature amended section 12022.7, renumbering the domestic violence great bodily injury enhancement from subdivision (d) to subdivision (e). (Assem. Bill No. 1789 (1999-2000 Reg. Sess.) (Stats. 2000, ch. 919, § 1).) In its place, the Legislature created an enhancement for personal infliction of great bodily injury on a child under the age of five years, providing for an additional term of four, five, or six years. (§ 12022.7, subdivision (d).)

"Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) The trial court's comment that it had not received any information warranting imposition of the upper term suggests it was unaware that the upper term of the domestic violence great bodily injury enhancement is five years. Because appellant was originally sentenced to the upper term, the trial court had the discretion to impose it, even in the absence of circumstances in aggravation that have been stipulated to by appellant or found true beyond a reasonable doubt. (§ 1172.75, subd. (d)(4).) But given the conflict between the trial court's comment that the upper

5.

term was unwarranted and its imposition of the upper term, we cannot conclude the trial court exercised informed discretion at sentencing.

Appellant contends remand is unnecessary and asks that this court modify the judgment to impose the middle term on the domestic violence great bodily injury enhancements. However, based on the record, we cannot conclude with certainty that the trial court intended to impose the middle term. For this reason, remand is appropriate. During resentencing, the trial court shall clarify which term it elects to impose. We express no opinion how the trial court should exercise its sentencing discretion at resentencing.

Appellant also raises the related argument that his sentence is unauthorized because the trial court imposed the domestic violence great bodily injury enhancements pursuant to "the wrong subdivision of section 12022.7." According to appellant, the court's imposition of the enhancement pursuant to subdivision (d) indicates it erroneously imposed an enhancement for personal infliction of great bodily injury on a child under the age of five. Because we have already concluded the matter must be remanded for resentencing, we need not address this claim. We note, however, that respondent concedes the trial court should have imposed the enhancement pursuant to section 12022.7, subdivision (e), rather than former subdivision (d). In light of respondent's concession, and for the purpose of clarity, we agree with the parties that the trial court should impose the domestic violence great bodily injury enhancement pursuant to section 12022.7, subdivision (e).

Finally, the parties agree, as do we, that the amended abstract of judgment incorrectly shows the trial court imposed and stayed a domestic violence great bodily injury enhancement on count 2. This is inconsistent with the oral pronouncement of judgment, which controls. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) The court shall ensure that the new amended abstract of judgment does not include the same error.

6.

**DISPOSITION**

Appellant's sentence is vacated, and the matter is remanded for resentencing. During resentencing, the trial court shall exercise its discretion to select the appropriate term for the domestic violence great bodily injury enhancements as to counts 1 and 3, in accordance with applicable sentencing laws. Following resentencing, the court shall forward a new abstract of judgment to the appropriate authorities.